ELLIS, Judge,
dissenting:
In this case, as in the other similar cases cited in the majority opinion, the motion for appeal was timely filed with the Clerk of the District Court, but not signed by the District Judge until after the delays had run. The majority has held that the responsibility for having the order timely signed rests with the appellant under those circumstances. I cannot agree.
Surely, if the order had timely been placed in the hands of the judge by the appellant, and the judge then failed to sign it for some reason until after the delays had run, it could not be seriously argued that the failure or neglect of the judge would be imputable to the appellant.
Under Article 282 of the Code of Civil Procedure, the Clerk of a District Court has the authority to sign an order of appeal. Under Article 285, he may exercise this authority whether or not the judge is present in the parish. Therefore, when an order of appeal is filed with the Clerk of Court, it has been placed in the hands of a public official who is authorized by law to sign it. It may be that the Clerk is not required to present the order to the judge, but I believe that, if he does not do so, he is required to sign it himself.
In my opinion, the appeal should be maintained.